**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| PARMINDER SINGH, | * | |
| Appellant, | * | |
| v. | * | Case No.: GJH-18-3742 |
| SHAO LIN LAI AND YAN YUN LAI, | * | Bankruptcy No.: 18-22876 |
| Appellees. | * | |

**MEMORANDUM OPINION**

This case is before the Court on appeal from an Order of the Bankruptcy Court, which granted the emergency amended motion of Appellees Shao Lin Lai and Yan Yun Lai ("Appellees") to confirm termination or absence of the automatic stay with respect to a piece of real property. ECF No. 1-1.[1] Oral argument is deemed unnecessary in this case because the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument. Fed. R. Bankr. P. 8019; *see also* Loc. R. 105.6. For the reasons stated below, the Bankruptcy Court's Order will be affirmed.

**I.     BACKGROUND**

The issue on appeal concerns real property located at 13115 Thackery Place in Germantown, Maryland ("Property"). ECF No. 6 at 5–6. Appellant Parminder Singh ("Appellant") and his spouse Jaswinder Kaur maintain that they own the Property, on which they took out a loan secured by a deed of trust in 2006. *Id.* at 5–7; *see also* ECF No. 6-2 at 4. After they defaulted on the loan, Wells Fargo Bank, N.A. ("Wells Fargo"), the successor in interest of

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the original lender, initiated foreclosure proceedings on December 16, 2015 in the Circuit Court for Montgomery County, Maryland ("Foreclosure Action"). ECF No. 6 at 7; ECF No. 6-4 at 8. Brightstar Capital, LLC purchased the Property at a foreclosure sale held on February 15, 2017. ECF No. 9 at 6; ECF No. 9-3. The sale was ratified by the Circuit Court on July 25, 2017. ECF No. 6-4 at 12. Appellant and his spouse moved unsuccessfully in the Circuit Court to vacate the ratification of the sale. ECF No. 6-4 at 13.[2] On September 7, 2018, by an order of the Circuit Court in the Foreclosure Action, Appellees were substituted as purchasers of the Property in place of Brightstar Capital, LLC. *Id.* at 15–16. A deed conveying the Property to Appellees was executed on September 11, 2018. ECF No. 6-6 at 4–5.

On September 28, 2018, Appellant filed the underlying action in the United States Bankruptcy Court for the District of Maryland. ECF No. 1-3 at 9–10; ECF No. 6 at 5–6. The case is the sixth bankruptcy filing in the last five years by Appellant or his spouse. *See* ECF No. 9-5 at 4–5. Four of the cases were dismissed by the Bankruptcy Court because the debtor failed to take necessary actions, while the fifth was voluntarily dismissed. *See id.* On October 10, 2018, Appellees filed a motion to intervene and for possession of the Property in the Foreclosure Case, which continued while the bankruptcy case was in its initial stages. ECF No. 6-4 at 16. Also, the deed conveying the Property to Appellees was recorded on October 24, 2018. ECF No. 6-6 at 4. Appellees then entered the bankruptcy case on November 6, 2018 and filed an Emergency Amended Motion to Confirm Termination or Absence of Automatic Stay with respect to the Property. ECF No. 4-1; ECF No. 1-3 at 5. The motion sought a declaratory judgment that the

---

[2] References in the parties' submissions and the Bankruptcy Court's opinion from the bench indicate that Appellant and his spouse have filed appeals of orders by the Circuit Court and that there may be other ongoing state court proceedings. *See* ECF No. 6-4 at 17–18; ECF No. 9 at 7–8, 11; ECF No. 9-5 at 10–13. Because the parties have not discussed the status of these matters on appeal, and because they are immaterial to the issue before this Court, the Court does not address them further.

Property was not subject to the automatic stay of actions against Appellant's estate imposed by 11 U.S.C. § 362(a) and asked the court to grant relief so that Appellees could "pursue the eviction proceeding of [Appellant] from the Property." ECF No. 4-1 at 1–3. Appellees successfully moved to shorten the time for Appellant to respond. ECF No. 4-4; ECF No. 4-11; ECF No. 1-3 at 4–6. Appellant filed a response to the motion to shorten time on November 15, 2018, ECF No. 4-16, and Appellees replied on November 19, ECF No. 4-15. Appellant then moved to strike the motion to confirm termination or absence of the automatic stay on December 2, 2018. ECF No. 4-17.

The Bankruptcy Court held a hearing on the motion to confirm termination or absence of the automatic stay on December 3, 2018. ECF No. 1-3 at 2. At the hearing, the Court ruled that under Maryland foreclosure law, Appellant's bankruptcy estate had no recognizable interest in the Property that could be rehabilitated under a plan of reorganization in a bankruptcy case. ECF No. 9-5 at 7–9. The Court therefore granted relief from the automatic stay under 11 U.S.C. § 362(d)(2), which provides for such relief on request of a "party in interest" after notice and a hearing "with respect to a stay of an act against property under [§ 362(a)]" if "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization." *See id.* at 9. The Court elected not to issue a definitive ruling on Appellees' argument that the stay in this case never applied to the Property at all. It did, however, reject an argument by Appellant that the recording of the deed on October 24, 2018 violated the automatic stay, reiterating that under Maryland law, all title to a property passes after court ratification of a foreclosure sale and the grant of the property to the foreclosure purchaser in exchange for the purchase price. *Id.* at 12–13. The following day, December 4, 2018, the Bankruptcy Court issued an order granting Appellees' motion. ECF No. 6-1 at 4–5.

Appellant filed a notice of appeal of the Bankruptcy Court's ruling confirming the termination or absence of the automatic stay on December 6, 2018. ECF No. 1. After being granted an extension of time, Appellant filed his opening brief on March 11, 2019. ECF No. 6. Appellant then filed a motion for default judgment on May 6, 2019, ECF No. 7, after which Appellees moved on May 9 for leave to file a responsive brief out of time, ECF No. 8, and filed a brief on May 20, 2019, ECF No. 9. The Court granted Appellees' motion for leave nunc pro tunc on August 9, 2019. ECF No. 10.

## II. STANDARD OF REVIEW

"The U.S. District Court has jurisdiction to review final decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a)." *Mustafa v. PennyMac Corp., by Pennymac Loan Servs., LLC*, Nos. PJM 16-494, PJM 16-523, 2017 WL 1176057, at *1 (D. Md. Mar. 29, 2017). Orders lifting automatic stays are final and appealable. *Id.* (citing *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864 n.4 (4th Cir. 2001)). "The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *Akwa v. Residential Credit Solutions, Inc.*, 530 B.R. 309, 311 (2015) (quoting *In re: Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006)); *see also In re Ramkaran*, 315 B.R. 361, 363–64 (D. Md. 2004).

## III. DISCUSSION

Under 11 U.S.C. § 541, the filing of a bankruptcy petition creates a bankruptcy estate that contains "all legal or equitable interests of the debtor in property as of the commencement of the case" with exceptions not relevant here. *In re Alvarez*, 733 F.3d 136, 141 (4th Cir. 2013) (quoting 11 U.S.C. § 541(a)(1)). By operation of 11 U.S.C. § 362(a), "[w]hen a bankruptcy petition is filed, most pre-petition judgments against the debtor or property of the estate are automatically stayed." *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994) (citing 11 U.S.C. §

362(a)(2)). "This automatic stay is 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Houck v. Substitute Trustee Servs., Inc.*, 791 F.3d 473, 480 (4th Cir. 2015) (quoting S. Rep. No. 95-989, at 54 (1978)). 11 U.S.C. § 362(d)(2), however, "authorizes lifting the automatic stay with respect to actions concerning property if 'the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization.'" *Capital Source Fin., LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 697 (D. Md. 2007) (quoting 11 U.S.C. § 362(d)(2)); *see also Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994).

The question on appeal is whether the Bankruptcy Court erred in granting Appellees' motion to confirm termination or absence of the automatic stay with respect to actions concerning the Property. Appellant's brief focuses almost entirely on an allegation that the deed of trust securing his 2006 loan was defective and unenforceable and therefore that Wells Fargo's later foreclosure on the deed was invalid. *See* ECF No. 6 at 6–7, 13. Because the foreclosure was invalid, Appellant maintains, so too was the foreclosure sale, and therefore Appellees have no legal right to the Property and no standing for their motion in this action. *See id.* at 8, 13. Appellant also discusses alleged misconduct related to the deed of trust by Wells Fargo, which is not a party to this action. *See id.* at 6–7, 11–13. In response, Appellees argue that it is Appellant who has no interest in the Property under Maryland law, that the Property is therefore not subject to the automatic stay in this action, and that the Bankruptcy Court accordingly was correct to grant Appellees' motion. ECF No. 9 at 16–17. Even if the foreclosure sale had been defective, Appellees maintain, it was ratified by the state court prior to the filing of Appellant's bankruptcy case on September 28, 2018, and that ratification is *res judicata* as to the validity of the foreclosure sale and cannot be collaterally attacked in federal court. *Id.* at 9–11.

The Court first addresses Appellant's argument that Appellees lack standing because they have not established "any legal rights to the property." ECF No. 6 at 8. Appellant contends specifically that Appellees lack an injury in fact sufficient for Article III standing because they "bought the property from an individual who had no legal right to sell it." *Id.* at 9. Appellant also claims that Appellees are not "part[ies] in interest" eligible to seek relief under the terms of § 362(d). *Id.* at 13. These arguments are unpersuasive. First, the standing and "party in interest" inquiries are two aspects of the same question with respect to § 362(d); a movant for relief from the automatic stay is a party in interest if the movant has standing. *See In re Burnett*, 450 B.R. 589, 593 (Bankr. W.D. Va. 2011). Second, "a movant seeking relief from the automatic stay need only have a 'colorable claim' in order to establish the standing required to bring such a motion." *In re Ebersole*, 440 B.R. 690, 694 (Bankr. W.D. Va. 2010) (quoting *In re Weisband*, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010)). Appellees have a colorable claim of standing here. "[A]ny party reasonably averring ownership" of a property and claiming that a bankruptcy debtor has no remaining interest in the property "would have standing to move for a lift-stay" from the Bankruptcy Court to allow actions concerning the property to proceed. *See Mustafa*, 2017 WL 1176057, at *3. As the buyers of the Property from the entity that purchased it at a ratified foreclosure sale, Appellees are more than reasonably averring ownership of the Property, in which they allege Appellant has no further interest. They additionally claim that the automatic stay is impeding their ability to pursue eviction proceedings. *See* ECF No. 4-1 at 1, 3; *see also* ECF No. 9 at 10. Appellees therefore have standing for their motion and are "part[ies] in interest" within the meaning of § 362(d).

Another threshold issue must also be addressed. Appellees' brief states that in addition to their other arguments, they also adopt and incorporate the reasoning in *Kaur v. Wells Fargo*

*Bank, N.A.*, No. PWG-17-421, 2017 WL 5466812 (D. Md. Nov. 14, 2017). ECF No. 9 at 17. The court in that case held that an appeal by Appellant's spouse from an order of the Bankruptcy Court was moot because the challenged order had granted Wells Fargo's motion to lift the stay so it could hold the foreclosure sale of the Property and the sale had taken place while the appeal was pending. *See generally Kaur*, 2017 WL 5466812, at *1–*3. (D. Md. Nov. 14, 2017). The applicability of the reasoning in that decision to this case is unclear. *Kaur* relied heavily on *Khan v. Citibank*, No. PX 16-3121, 2017 WL 2311185 (D. Md. May 26, 2017). There, the court determined that a bankruptcy debtor's appeal of an order lifting the automatic stay was moot because the movant had sought the relief in order to proceed with eviction of the debtor from foreclosed property and the debtor was evicted while the appeal was pending. *Khan*, 2017 WL 2311185, at *1, *3. Here, while Appellees' briefing before the Bankruptcy Court stated that they sought relief in order to proceed with eviction of Appellant from the Property, Appellees have not indicated whether eviction took place following the order lifting the stay, nor provided information about other ongoing proceedings with respect to the Property. The Court thus lacks sufficient information to conclude whether this appeal has been mooted.

The Court therefore turns to the substance of the Bankruptcy Court's order, which concerns Appellant's interest in the Property. "[W]hen determining the substance of property rights and security interests in bankruptcy, 'the basic federal rule is that state law governs.'" *In re Price*, 562 F.3d 618, 624 (4th Cir. 2009) (quoting *Butner v. United States*, 440 U.S. 48, 57 (1979)). "In order to determine a debtor's interest in real property, the Court is to apply the law of the state in which the real property is located." *In re Burnett*, 450 B.R. at 594. The Court therefore looks to Maryland property law, as the Bankruptcy Court did, to determine what interest Appellant has in the Property, if any, that could be contained in his bankruptcy estate.

The Maryland Court of Appeals provided an instructive overview of the applicable law in *Laney v. State*, 842 A.2d 773, 780 (Md. 2004). "Generally, in the event that a purchaser of real property secured by a mortgage or deed of trust ('mortgagor') defaults under the terms of the mortgage or deed of trust, the holder of the security interest ('mortgagee' or 'trustee') may initiate foreclosure proceedings." *Laney*, 842 A.2d at 780. Once proper notice has been provided to the mortgagor, the property may be sold at a foreclosure sale. *Id.* at 782. "Complete title does not immediately pass to the purchaser upon the sale of the property." *Id.* Instead, the mortgagee or trustee must submit a report of sale to the court, after which the court will issue a notice of the sale that includes "a statement that the sale will be ratified by the court unless exceptions are taken within 30 days." *Id.* (citing Md. Rule 14-305(c)). "If no exceptions are filed within that period and the court is satisfied the sale was fair, the court shall ratify the sale." *Id.* (citing Md. Rule 14-305(e)). "It is the court's ratification of the sale that allows title of the property to pass to the purchaser." *Id.* at 782–83. The court then summarized the consequences of this process:

> Foreclosure, sale, and ratification operate to cut off the mortgagor's right of redemption—the right to repay the mortgage debt—and terminates the mortgagor's interest in the property. Section 7-105 of the Real Property Article [of the Maryland Code] states that the sale of foreclosed property and subsequent conveyance of the property to the purchaser "operates to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust."

*Id.* at 783 (quoting Md. Code 7-105(c)).

In other words, once a foreclosure sale is ratified by the court and the purchaser has paid the purchase money to the foreclosing mortgagee or trustee, the mortgagor's interest in the property is extinguished completely. *See* Md. Code § 7-105(c). "Ordinarily, upon the court's ratification of a foreclosure sale objections to the propriety of the foreclosure will no longer be entertained." *Manigan v. Burson*, 862 A.2d 1037, 1040 (Md. App. 2004). "[T]he law is firmly

established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." *Id.* at 1041 (alteration in original) (quoting *Ed Jacobsen, Jr., Inc v. Barrick*, 250 A.2d 646, 648 (Md. 1969)). The procedure for a party to challenge a ratification based on fraud or illegality is prescribed by Maryland Rule 2-535(b), which states that a party may file a motion at any time asking the court to "exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity." *See Manigan*, 862 A.2d at 1041 (citing Md. Rule 2-535(b)). "The burden of proof in establishing fraud, mistake, or irregularity is clear and convincing evidence." *Jones v. Rosenberg*, 940 A.2d 1109, 1119 (Md. App. 2008).

Review of the applicable law produces the inescapable conclusion that Appellant no longer has any interest in the Property. The Property was foreclosed on and sold on February 15, 2017, and the foreclosure sale was ratified by the Circuit Court for Montgomery County on July 25, 2017. ECF No. 9-3; ECF No. 6-4 at 12. Appellant and his spouse were present in the foreclosure proceedings and moved to vacate the ratification, but the court denied the motion and sustained the ratification. *See* ECF No. 6-4 at 13. Under Maryland law, therefore, Appellant's interest in the Property has been terminated, as has his right to redeem the Property by repaying the mortgage debt. *See Laney*, 842 A.2d at 783. Consequently, no interest in the Property is contained in the bankruptcy estate that was created when Appellant filed his petition in the Bankruptcy Court on September 28, 2018, more than a year after the ratification of the foreclosure sale. *See* 11 U.S.C. § 541. The Bankruptcy Court was therefore correct to find that Appellant "does not have an equity" in the Property under 11 U.S.C. § 362(d)(2)(A). *See Mustafa*, 2017 WL 1176057, at *3 (holding that a debtor had no equity in a foreclosed property

that had been sold at a ratified foreclosure sale). As for § 362(d)(2)(B), which requires that the property at issue be "not necessary to an effective reorganization," Appellant has no legal right to file a plan to repay the mortgage debt on the Property. His right of redemption was extinguished by the ratification of the foreclosure sale. *See Laney*, 842 A.2d at 783. There is therefore no possibility that the Property could be necessary to an effective reorganization, and the Bankruptcy Court was thus correct to find that this requirement for lifting the stay was met as well. Accordingly, the Court will affirm the order of the Bankruptcy Court.[3]

## IV. CONCLUSION

For the foregoing reasons, the Order of the Bankruptcy Court is affirmed. A separate Order shall issue.

Date: September 30, 2019

/s/_____
GEORGE J. HAZEL
United States District Judge

---

[3] There is some question whether § 362(d)(2) was the proper provision for the Bankruptcy Court to have used to grant relief in this case given that the Property was never part of Appellant's estate and there was arguably no stay to lift with respect to it. Appellees' motion in the Bankruptcy Court initially sought relief "pursuant to 11 U.S.C. § 362(j)," ECF No. 4-1 at 1, which provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." The parties have not raised this issue on appeal, however, and there can be no dispute that the Bankruptcy Court's order fully resolved the motion before it, regardless of the specific procedural vehicle used.